# PICKLES *v.* HOPKINS.

---

PATENTS; INTERFERENCE; REDUCTION TO PRACTICE.

In an interference involving an improvement in typewriters, and in which the issues called for a combination with the type carriers and the stops carried thereby, of key operated parts for moving the stops, a decision of the Commissioner of Patents was affirmed which, in finding that the senior party had reduced to practice before the filing date of his adversary, held that the successful operation of the part of the machine covered by the issues was included in and would be inferred from the reduction to practice of the actuating devices set forth in the issue of a prior interference in which the senior party was awarded priority. (Citing *Hopkins* v. *Peters,* 41 App. D. C. 302.)

No. 979.   Patent Appeals.   Submitted November 9, 1915.   Decided November 29, 1915.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference case.                           *Affirmed.*

The facts are stated in the opinion.

*Mr. John D. Rippey, Mr. L. C. Kingsland,* and *Mr. George R. Hamlin* for the appellant.

*Mr. L. S. Bacon, Mr. Joseph H. Milans,* and *Mr. F. R. Cornwall* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

This appeal is from concurrent decisions of the Patent Office tribunals in an interference proceeding in which priority of invention was awarded the appellee, Hubert Hopkins.

The counts of the issue are as follows:

"1. The combination with the type carriers, and the stops carried thereby, of key operated parts for moving said stops.

"2. The combination with the type carriers, and the stops thereon, of a carriage, and key actuated devices in said carriage operable to move said stops to·represent numbers.

"3. A platen arranged to hold paper, a series of type carriers, and hammers operable to drive the type to record on paper held by said platen, in combination with a series of movable stops carried by each type carrier, a carriage, devices in said carriage operable effectively to position any desired stops, and keys operable to position said devices."

Appellant, Charles K. Pickles, alleges conception of the invention in April, 1908, and reduction to practice by filing his application on June 7, 1909. Each of the tribunals of the Patent Office found that Hopkins had reduced the invention to practice as early as January, 1904, and that he had neither suppressed nor abandoned it thereafter. He introduced in evidence a machine known as "Hopkins first machine," which was in evidence in a prior interference that was before this court on appeal. See *Hopkins* v. *Peters,* 41 App. D. C. 302. The construction of that machine was commenced in September of 1903 and completed a few months thereafter. We ruled that the building and testing of this machine constituted a reduction to practice of the invention at issue in that interference. We agree with the Patent Office tribunals that "the successful operation of the part of the machine covered by the present issues is included in and must be inferred from the reduction to practice of the actuating devices set forth in the issue of that interference." The conclusion of the Patent Office is so clearly right that we do not deem it necessary further to discuss the case.

The decision is affirmed.                    *Affirmed.*